IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH ERICKSON,

Plaintiff,

vs. Case No.: 2:24-cv-00030-JLB-KCD

EVANSTON INSURANCE COMPANY,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, EVANSTON INSURANCE COMPANY (hereinafter, "Evanston"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, and Local Rule 3.01, hereby files Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, and in support thereof, states as follows:

## PRELIMINARY STATEMENT

This suit arises from a dispute over benefits under a homeowners' policy of insurance, policy number BWH136217 (hereinafter "Policy"), issued by Evanston to Plaintiff, KENNETH ERICKSON (hereinafter "Plaintiff"), for the property located at 21 George Town, Fort Myers, Florida 33919 (the "Property"). The Policy insures Plaintiff's Property subject to the express terms, conditions, limitations, exclusions and endorsements contained therein. Specifically, the Policy expressly excludes flood

and/or storm surge damage, and it contains an endorsement that unambiguously limits Plaintiff's recovery for covered water damage to $10,000.00. The underlying claim is for roof damage and ensuing interior water damage with overlapping flood and/or storm surge damage from Hurricane Ian. Here, Evanston fulfilled its contractual obligations under the Policy by paying for all covered damages and tendering payment to Plaintiff that included exhaustion of the Policy's $10,000.00 water damage sublimit and, as such, owes no additional amounts for ensuing water damage nor for damages associated with flood and/or storm surge as well as ensuing water damage beyond the applicable $10,000.00 water damage sublimit.

Plaintiff's Motion for Partial Summary Judgment [DE 44] must be denied because although there was partial coverage for the loss that is the subject of this litigation, Plaintiff's Motion improperly seeks to shift the burden to prove the existence of a covered loss onto Defendant for the entirety of the claim, despite the existence of clear disputes as to the existence of coverage for portions of Plaintiff's claimed damages.

**RESPONSE TO UNDISPUTED STATEMENT OF FACTS**

1. Undisputed.

2. Disputed in part. Evanston does not dispute that the Policy provides coverage for direct physical loss, however, the Policy requires Plaintiff's compliance with all applicable provisions with the Policy, and only insures the Property subject to the

express terms, conditions, limitations, exclusions and endorsements contained therein.

3. Undisputed.

4. Disputed in part. Evanston admits that it issued payments, however Evanston only extended partial coverage for the loss subject to the express terms, conditions, limitations, exclusions and endorsements contained therein.

5. Undisputed.

6. Disputed in part. Evanston admits that on August 8, 2024, Robert Floyd, Evanston's corporate representative was deposed. Evanston admits that it extended partial coverage for the loss subject to the express terms, conditions, limitations, exclusions and endorsements contained therein. Evanston denies that the quoted material states what Plaintiff purports it to state.

7. Disputed in part. Evanston admits only that it extended partial coverage for the loss subject to the express terms, conditions, limitations, exclusions and endorsements contained therein, and that payments for the covered damages were issued.

## MEMORANDUM OF LAW

### I. Standard for Granting Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment must be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A movant for summary

judgment bears the initial responsibility of informing the Court of the basis for its motion, and identifying the portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). There is no requirement that the movant for summary judgment support its motion with materials negating the opponent's claim. *Id.* When a movant meets this burden, the burden then shifts to the nonmoving party, which "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, if the factual context renders the nonmovant's claim implausible, they must provide more persuasive evidence to support their claim. *Id.* at 587. However, where the evidence in favor of the nonmovant "is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The federal summary judgment standard[1] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. The court must ultimately decide whether there is "sufficient disagreement to require

[1] The "federal summary judgment standard" refers to the principles announced in *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and more generally to case law interpreting *Federal Rule of Civil Procedure* 56.

submission to a jury." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

The standard for summary judgment under the *Celotex* Trilogy is the same as a directed verdict, where "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250-51. One of the primary goals of summary judgment is to dispose of factually unsupported claims and defenses. *See Celotex Corp.*, 477 U.S. at 323-24.

**II. Plaintiff Improperly Seeks to Burden Shift.**

"Under Florida law, an insurance policy is treated like a contract." *Graspa Consulting, Inc. v. United Nat'l Ins. Co., No. 20-23245-CIV, 2021 U.S. Dist. LEXIS 9959, 2021 WL 199980, at *3 (S.D. Fla. Jan. 20, 2021)*. And "[i]n litigation involving an insurance claim, the burden of proof is assigned according to the nature of the policy." *Mejia v. Citizens Prop. Ins. Corp., 161 So. 3d 576, 578 (Fla. 2d DCA 2014)*. It is true that the general rule is that Plaintiff carries the initial burden to establish that the property sustained a direct physical loss during the policy period, at which point the burden shifts to Evanston to establish that a policy exclusion applies. However, as pled, Plaintiff's Motion for Partial Summary Judgment [DE 44] erroneously asserts that because Evanston opened coverage for certain portions of Plaintiff's claim that did suffer a direct physical loss, Plaintiff has established that the entirety of the claimed damages were the result of direct physical loss. The assertion that partial coverage entirely relieves Plaintiff of his initial burden to demonstrate that **<u>all</u>**

components of the Property sustained a direct physical loss during the policy period is unsupported by the law and disputed by Evanston. *Id*. For example, Plaintiff seeks replacement of all windows to the Property. *See* Farnesi Dep. 22:19-21; 32:21-33:14, January 17, 2025 [DE 43-12]; *see* Allied Estimate dated August 9, 2024 [DE 43-13]; *see also* Saxe Dep. 82:7-83:19, November 15, 2024 [DE 43-4]. In direct contravention of Plaintiff's position, Evanston's retained engineer Kakit Fung, P.E. of Rimkus Engineering opined that "[t]he second-floor wall and floor finishes of the Erickson residence did not sustain wind-related moisture distress. The hurricane shutters on the windows during Hurricane Ian would have prevented wind-driven rain and protected them from impact from wind-borne debris." *See* Report of Kakit Fung, P.E. dated December 16, 2024 attached as **Exhibit "A,"** pg. 1-2 of 19. Mr. Fung went on to explain that:

> The shutters on the windows and doors drastically reduced the wind pressures acting on them and protected them from impact from wind-borne debris. The rain that bypassed the shutters would not have been of high enough pressure to penetrate the windows, thus the shutters would have prevented moisture intrusion from wind-driven rain. Therefore, we concluded that the first floor of the Erickson residence sustained flood distress during Hurricane Ian. There was no evidence that the first-floor wall and floor finishes sustained wind-related moisture distress during Hurricane Ian.

Exhibit "A," pg. 7 of 19.

As a result, there is a dispute of material fact surrounding the second-floor window openings. As drafted, Plaintiff is seeking a blanket determination from this

Court that **all** components of "the subject property sustained a direct physical loss during the policy period," thus improperly attempting to shift the burden to Evanston for disputed components. *See* [DE 44] at pg. 5. To be clear, Evanston is not arguing that **no** component of the Property sustained covered damages during the policy period, rather Evanston argues that Plaintiff has not met his initial burden that **all** of the damages being claimed were the result of a direct physical loss during the policy period. As explained herein there are components of the Property wherein Plaintiff has failed to meet his burden that said components sustained direct physical loss during the policy period. Because a genuine issue of material fact remains as to whether or not Plaintiff satisfied his initial burden that all components of the Property were damaged by a direct physical loss during the policy period, partial summary judgment is improper, and Plaintiff's Motion for Partial Summary Judgment must be denied.

## CONCLUSION

Given the foregoing, Evanston respectfully requests that the Court deny Plaintiff's Partial Motion for Summary Judgment, finding that Plaintiff has failed to meet his initial burden on all components of the Property sustained direct physical loss during the policy period, and that Evanston has established that genuine issues of material facts regarding Plaintiff's initial burden and attempt to shift same remain in dispute.

**WHEREFORE**, Defendant, EVANSTON INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion for Partial Summary Judgment; and such other and further relief that this Honorable Court deems just and proper, including an award of entitlement to reasonable attorney's fees and costs in favor of Evanston.

Respectfully dated March 21, 2025.

**RIVERO & KELLY, PLLC**



______________________________

Sean R. Kelly, Esq. (FBN: 124404)
Michael J. Rivero, Esq. (FBN: 085326)
13575 58th St. N., Ste. 200
Clearwater, FL 33760-3739
Phone: 727-425-7150
Email: skelly@riverokelly.com
Email: mrivero@riverokelly.com
Email: pleadings@riverokelly.com
*Attorneys for Defendant*

*(Certificate of Service on the following page)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing pleading was sent by electronic mail on this 21st day of March 2025, to counsel for Plaintiff listed below:

John D. Edwards, Esq.
**KANNER & PINTALUGA, P.A.**
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
jedwards@kpattorney.com
mclayton@kpattorney.com
FirstPartyEService@kpattorney.com
*Attorneys for Plaintiffs*

**RIVERO & KELLY, PLLC**

__________________________________
Sean R. Kelly**,** Esq. (FBN: 124404)
Michael J. Rivero, Esq. (FBN: 085326)
13575 58th St. N., Ste. 200
Clearwater, FL 33760-3739
Phone: 727-425-7150
Email: skelly@riverokelly.com
Email: mrivero@riverokelly.com
Email: pleadings@riverokelly.com
*Attorneys for Defendant*