UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH ERICKSON,

        Plaintiff,

    v.                                                    Case No. 2:24-cv-30-KCD-DNF

EVANSTON INSURANCE
COMPANY,

        Defendant,

_____/

## ORDER

Plaintiff Kenneth Erickson seeks reconsideration of this Court's summary judgment order that found he was "not entitled to payment for covered water damage beyond the Policy's $10,000 water damage sublimit." (Doc. 59 at 14.)[1]

District courts have inherent authority to reconsider their orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper when: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the judgment is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Erickson does not claim an intervening change in controlling law or new facts. Instead, he seeks reconsideration to "correct clear error and prevent a manifest injustice." (Doc. 62 at 2.) As he puts it, the Court's ruling "would result in a manifest injustice . . . [since] the most the Defendant would ever owe for wind driven rain damage from Hurricanes would be $10,000 dollars[,] thus incorrectly limit[ing] Plaintiff's ability to recover covered damages." (*Id.* at 2.)

There is no manifest injustice here. The policy exclusion, *which Erickson agreed to*, limits covered water damage to $10,000. And since wind driven rain is covered water damage, Defendant's liability is capped. (*See* Doc. 59 at 13-14.) The Court cannot rewrite the contract because Erickson finds this limitation unfair in hindsight. *See, e.g.*, *U.S. Fire Ins. Co. v.*

*Morejon*, 338 So. 2d 223, 225 (Fla. Dist. Ct. App. 1976) ("Florida courts adhere to the principle that a court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract.").

"[A] party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015). Yet that is exactly what Erickson seeks here. His motion is essentially a rehash of the previously failed arguments about how the policy should be interpreted. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 694 (S.D. Fla. 2013) ("The reconsideration device is not designed to permit losing parties to prop up arguments previously made or to inject new ones[.]"); *Cf. Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee*

*Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Erickson's motion

does not meet this standard, and so it is **DENIED**.

      **ORDERED** in Fort Myers, Florida on December 23, 2025.

Kyle C. Dudek
United States District Judge